**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES F. CAMPENELLA | : | CIVIL ACTION |
| CONSTRUCTION CO., INC., and W.U. | : | |
| LOCUST PARTNERS, L.P., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| GREAT AMERICAN INSURANCE | : | NO. 10-0681 |
| COMPANY OF NEW YORK, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ON PARTIAL DISMISSAL

Baylson, J.                                                                                    May 21, 2010

This action arises out of a contractual dispute respecting an insurance policy Defendant

Great American Insurance Company of New York ("Defendant" or "Great American") issued to

Plaintiffs James F. Campenella Construction Co., Inc. ("Campenella") and W.U. Locust Partners,

L.P. ("W.U. Locust," collectively with Campanella, "Plaintiffs").  Pending before this Court is

Great American's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6),

which seeks to dismiss various of Plaintiffs' claims.  (Docket No. 3.)  For the reasons that follow,

the Motion will be granted in part and denied in part.

## I.      Factual and Procedural Background

On January 2, 2006, Plaintiffs, a Pennsylvania corporation and a Pennsylvania limited

partnership, entered into a contract under which Campanella agreed to renovate, repair, and

restore W.U. Locust's property, which is located at 1111 Locust Street, Philadelphia, PA 19107-

5890 ("W.U. Property").  (Am. Compl. ¶¶ 1-3, Docket No. 1, Ex. A.)  Thereafter, Great

1

American, in exchange for a premium, issued Plaintiffs an insurance policy ("Policy") for the

W.U. Property in the amount of "$42,000,000, covering loss or damage from all risks of direct

physical loss to business property at the insured premises" from June 12, 2006, to June 12, 2008,

subject to the Policy's terms and conditions. (Am. Compl. ¶ 4, Ex. P-1).

On or about October 23, 2007, "water loss" caused "water damage and other insured

damage" to the W.U. Property and Campenella's work on the property, as a result of which W.U.

Locust "incur[red] certain 'soft costs' as defined in the insurance policy." (Am. Compl. ¶ 6.)

The parties disagree as to the amount of loss Plaintiffs have suffered. (Am. Compl. ¶ 7.) The

Policy contains the following provision to resolve disputes as to the amount of loss:

### B. Appraisal

If we and you disagree on the value of property or the amount of loss, either may
make written demand for an appraisal of the loss. In this event, each party will select
a competent and impartial appraiser. The two appraisers will select an umpire. If
they cannot agree, either may request that selection be made by a judge of a court
having jurisdiction. The appraisers will state separately the value of the property and
amount of loss. If they fail to agree, they will submit their differences to the umpire.
A decision agreed to by any two will be binding. Each party will:

   **1.** pay its chosen appraiser; and

   **2.** bear the other expense of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

(Am. Compl. ¶ 7, Ex. P-1.) According to Plaintiffs, they "have demanded an appraisal

concerning the amount of the loss in accordance with the aforesaid appraisal clause," and "have

named their appraiser," but Great American has not done so, meaning that "no umpire has been

chosen." (Am. Compl. ¶¶ 9–10.)

On January 29, 2010, Plaintiffs filed a complaint with the Court of Common Pleas of

Philadelphia County. (Docket No. 1.) On February 6, 2010, the parties stipulated to amend the

Complaint. (Docket No. 1.) The Amended Complaint brings one contract count and one bad faith count against Great American. (Am. Compl. ¶ 8-12.) Count I demands that the Court order Great American to appoint an appraiser, or should Great American fail to do so, appoint an umpire. (Am. Compl. ¶ 10.) Count I also seeks recovery of "[i]nterest from October 23, 2007," "[t]he costs of this action," and "[s]uch relief as may be due and owing under the circumstances[,] including judgment for the amount of the unpaid loss if an appraisal is not conducted." (Am. Compl. ¶ 10.)

Count II alleges that Great American "committed bad faith" in violation of 42 Pa. Cons. Stat. Ann. § 8371 (West 2010) ("UTPCPL" or "§ 8371") and Unfair Insurance Practices Act , 40 Cons. Stat. Ann. § 1171.1 et seq. (West 2010) ("UIPA") "during the adjustment of the loss," by "misrepresenting pertinent facts" or provisions of the Policy, "[r]efusing to pay claims without conducting a reasonable investigation," "[n]ot attempting in good faith to effectuate . . . settlement" of Plaintiffs' claims under the Policy, "[c]ompelling persons to institute litigation . . . by offering substantially less than the amounts due," "[f]ailing to promptly provide a reasonable explanation" for denying Plaintiffs' claim or offer of a compromise settlement," and "[f]ailing to accord [Plaintiffs] the same faithful interest" that Great American accorded to itself in only "partially paying loss and . . . partially denying" Plaintiffs' claims. (Am. Compl. ¶ 12(a)–(f).) Plaintiffs request punitive damages pursuant to § 8371and the UIPA, interest under § 8371, any other interest permitted by law, attorney's fees pursuant to 42 Pa. Cons. Stat. Ann. §§ 1726(1) and 2503(9)–(10) (West 2010), 73 Pa. Cons. Stat. Ann. § 201-9.2(a) (West 2010), and 42 Pa. Cons. Stat. Ann. § 8371(3), and incurred costs and reasonable expenditures. (Am. Compl. ¶ 12(1)–(5).) In addition, Plaintiffs seek an order that Great American's defenses are "barred by its

bad faith conduct." (Am. Compl. ¶ 12 (6).)

On February 22, 2010, Great American filed the pending Motion to Dismiss, which seeks to dismiss several of Plaintiffs' claims. (Docket No. 3.)

## II    Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009). Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.' " 129 S. Ct. at 1953.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) ("We caution that without

4

some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing <u>Twombly</u>, 550 U.S. at 556 n. 3)).  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).

**III.**   <u>**Discussion**</u>

Great American seeks to dismiss (A) Plaintiffs' request in Count I of their Amended Complaint for "judgment for the amount of the unpaid loss if appraisal is not conducted" (Am. Compl. ¶ 10); and (B) Count II, insofar as it brings claims under Pennsylvania's UIPA and Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and claims for attorney's fees pursuant to 42 Pa. Cons. Stat. Ann. §§ 1726(1) and 2503(9)–(10).  (Mot. to Dismiss 3–7.) The Court will address each set of claims in turn.

**A.**   **Count I Request for Judgment for the Amount of Unpaid Loss Absent an Appraisal**

In Count I of their Amended Complaint, in addition to seeking a court order requiring Great American to "appoint an appraiser," Plaintiffs demand "[s]uch other relief as may be due and owing under the circumstances including judgment for the amount of the unpaid loss if an appraisal is not conducted."  (Am. Compl. ¶ 10(a), (e).)  Great American contends that "judgment for the amount of the unpaid loss if appraisal is not conducted" is "not recoverable under the policy nor [is it] recoverable under any legal theory."  (Mot. to Dismiss 5; Def.'s Reply 4.)  Great American cites to one case purportedly providing that a plaintiff can either seek enforcement of the appraisal clause or choose to sue for damages.  (Mot. to Dismiss 5.)  Great

American further avers that "Plaintiffs have not provided any information on what 'unpaid losses' they seek or under what theory the losses are recoverable."  (Def.'s Reply 4.)

In response, Plaintiffs contend that the case Great American cites involved a different appraisal clause, because it did not include a clause in which the insurer retains its ability to deny the claim even after there is an appraisal, and that it "makes no sense" to "allow an insurer to deny liability and still proceed to appraisal."  (Pls.' Resp. 7-8.)  Plaintiffs therefore conclude that the case Great American cites is "no longer controlling on the issue of procedure given the changes in the modern appraisal clause."  (Pls.' Resp. 8.)

Great American relies heavily upon Ice City, Inc. v. Insurance Co. of North America, 314 A.2d 236 (Pa. 1974), which held that when an insurer admits liability and the conditions precedent to the appraisal were satisfied, the insured parties could seek a specific performance decree requiring the insurer to appoint an appraiser to determine the amount of fire loss.  Id. at 240-42.  Ice City held that "the insured may not be denied his right to seek enforcement of the appraisal clause or to sue for damages."  Id. at 215.  Although Ice City did not expressly recognize that insured parties may seek to recover judgment for the amount of the unpaid loss if appraisal is not conducted, as Great American has argued (Mot. to Dismiss 5), neither does the case demonstrate that Pennsylvania law does not allow for recovery of unpaid loss in the event that appraisal is not conducted.  In fact, Ice City stressed that "the insured may not be denied his right . . . to sue for damages,"314 A.2d at 215.

Moreover, the Court has found no case law demonstrating that Pennsylvania law prohibits the recovery of damages in the event that the appraisal provision in the parties' contract is not satisfied, nor has Great American identified any.  Because an insurance policy is a contract, if

6

Plaintiff proves that Defendant breached the policy, Plaintiff may be entitled to damages. The Court need not specify on a motion to dismiss that any particular measure of damages is either improper or not proper. This issue can be revisited in a motion for summary judgment or at trial. Accordingly, the Court will not dismiss the Amended Complaint's demand in Count I for judgment for the amount of unpaid losses absent an appraisal.

**B.**     **Count II Bad Faith Claims**

Count II of Plaintiffs' Amended Complaint alleges that Great American "committed bad faith" by violating both Pennsylvania's UTPCPL, 42 Pa. Cons. Stat. Ann. § 8371, and Pennsylvania's UIPA, 40 Pa. Cons. Stat. Ann.§ 1171.1 et seq., and requests punitive damages, interest, attorney's fees, and costs. (Am. Compl.¶¶ 10-12.) The Court will separately address Plaintiffs' UTPCPL and UIPA claims, before turning to their request for attorney's fees.

**1.**     **UTPCPL Claims**

In moving to dismiss Plaintiffs' UTPCPL claims, Great American avers that under the UTPCPL and relevant Pennsylvania case law, "insurance purchased for business purposes does not give rise to a cause of action under the UTPCPL." (Mot. to Dismiss 6.) According to Great American, Plaintiffs are "a Pennsylvania limited partnership and a Pennsylvania corporation" to which Great American issued a commercial insurance policy "for business purposes." (Mot. to Dismiss 6.) Plaintiffs assert that Great American is correct, and "request[] the court to strike the relief requested in Count II of the complaint under attorney's fees pursuant to, inter alia, 73 Pa. S[tat. Ann.] § 201-92.(a)." (Pls.' Resp. 8-9, Docket No. 4.)

Section 9.2(a) of the UTPCPL provides that in order to "bring a private action to recover" under the statute, a plaintiff must "purchase[] or lease[] goods or services primarily for personal,

family, or household purposes." 73 Pa. Stat. Ann. § 201-9.2(a). Pennsylvania case law confirms that plaintiffs "fail[] to state a cause of action" under the UTPCPL when they seek damages arising from purported bad faith respecting an insurance policy that "was purchased for commercial purposes only." Trackers Raceway, Inc. v. Comstock Agency, Inc., 583 A.2d 1193, 1197 (Pa. Super. Ct. 1990). Because the parties agree that Plaintiffs purchased their insurance policy with Great American for commercial purposes, Plaintiffs cannot recover under the UTPCPL, and the Court will dismiss Plaintiffs' UTPCPL claims in Count II and any damages pursuant to the UTPCPL.

### 2. UIPA Claims

Great American also seeks to dismiss Plaintiffs' UIPA claims on the basis that the statute "does not give rise to a private action against an insurer and can only be enforced by the Insurance Commissioner of Pennsylvania," and thus "alleged violations of the UIPA are . . . irrelevant to the Court's determination of Plaintiffs' statutory bad faith claim." (Mot. to Dismiss 3.) Plaintiffs respond that under Pennsylvania case law, the UIPA's provisions have been deemed "incorporated by law into each and every insurance contract issued in . . . Pennsylvania." (Pls.' Resp. 2.) Plaintiffs did not contest Great American's assertion that there is no private right of action under the UIPA. (Pls.' Resp. 1-3.)

In reply, Great American avers that the cases cited by Plaintiffs only permit a UIPA violation to "constitute a breach of contract, not a claim for bad faith," and that under Third Circuit precedent, "alleged violations of the UIPA became irrelevant to a determination of statutory bad faith." (Def.'s Reply 2-3.) In a supplemental reply brief, Plaintiffs concede that violations of the UIPA are not evidence of bad faith per se, such violations nonetheless "can be

evidence of bad faith." (Pls.' Supp. Reply 3 (emphasis removed).)

The UIPA states in relevant part:

> Any of the following acts if committed or performed with such frequency as to indicate a business practice shall constitute unfair claim settlement or compromise practices.
>
> > (i)    Misrepresenting pertinent facts or policy or contract provisions relating to coverages at issue.
> >
> >           * * *
> >
> > (iv)    Refusing to pay claims without conducting a reasonable investigation based upon all available information
> >
> >           * * *
> >
> > (vi)    Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear.
> >
> > (vii)    Compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons.
> >
> >           * * *
> >
> > (xiii)    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

40 Pa. Cons. Stat. Ann. § 1171.5(a)(10). "It is well settled . . . that the UIPA does not provide a private citizen with a cause of action against an insurer." Great W. Life Assurance Co. v. Levithan, 834 F. Supp. 858, 863 (E.D. Pa. 1993) (Joyner, J.). Instead, "[t]he UIPA may only be enforced by the Commissioner, and such enforcement is wholly within the discretion of the Commissioner." Oehlmann v. Metro. Life Ins. Co., 644 F. Supp. 2d 521, 531 (M.D. Pa. 2007). In addition, the UIPA only "attempts to prevent and regulate violations that are systemic in the insurance industry, as only violations committed 'with a frequency that indicated a general business practice' are sanctionable." Id. (quoting 40 Pa. Cons. Stat. Ann. § 1171.5(a)(10). Thus,

the Court will dismiss Count II to the extent that it brings any claims under the UIPA. Because the Court has already concluded that Plaintiffs' UTPCPL claims should be dismissed, it need not address the question of whether alleged UIPA violations are relevant to the determination of Plaintiff's bad faith claim pursuant to the UTPCPL.

Count II of Plaintiffs' Amended Complaint only brings bad faith claims pursuant to the UIPA and the UTPCPL. Plaintiffs did not state bad faith claims under common law, and as the Third Circuit has recognized, the Pennsylvania Supreme Court has "held that there is no common law remedy for bad faith on the part of insurers." UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 505 (3d Cir. 2004). As a result, Plaintiffs have not articulated actionable bad faith under Pennsylvania law, and Count II will be dismissed in its entirety, including Plaintiffs' request for attorney's fees.

### 3.      Attorney's Fees

In any event, Plaintiffs' request for attorney's fees under 42 Pa. Cons. Stat. Ann. §§ 1726(1) and 2503(9)–(10), is without merit. The first provision, section 1726 is the portion of Pennsylvania Judiciary and Judicial Procedure that governs the "establishment of taxable costs," and in no way provides for the recovery of attorney's fees in bad faith actions. As to section 2503(9), it only entitles a party to "a reasonable counsel fee" if it "is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious, or in bad faith." Section 2503(9) "ha[s] been interpreted to apply to conduct of a party in commencing a proceeding or conduct during the pendency of an action," and only applies to "conduct occurring after the litigation has begun." The Amended Complaint only alleges that Great American acted in bad faith prior to the litigation, and Plaintiffs, rather than Great

American, brought this suit.  Moreover, section 2503(10) only provides for attorney's fees if they are "specified by statute heretofore or hereafter enacted," and Plaintiffs have not cited to another statute that permits recovery of attorney's fees aside from the UTPCPL, under which Plaintiffs have no private cause of action.  Accordingly, Plaintiffs are not entitled to attorney's fees under 42 Pa. Cons. Stat. Ann. §§ 1726(1) and 2503(9)–(10).

**IV.**     **<u>Conclusion</u>**

For the reasons detailed above, Great American's Motion to Dismiss is granted in part and denied in part.

An appropriate Order follows.

O:\CIVIL 09-10\10-681 Campanella v. Great American\Campanella - Memo Partial Dismissal.wpd